**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMES K. WARDELL, | 3:06-CV-668-LRH (RAM) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| PAUL R. COCHRAN and JIM BENEDITTI, | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4. Before the court is Defendants' Motion to Dismiss. (Doc. #10.) Plaintiff has opposed (Doc. #12), and Defendants have replied (Doc. #13). After a thorough review, the court recommends that Defendants' motion should be granted.

**I. BACKGROUND**

At the time of the events in his complaint, Plaintiff was in custody of the Northern Nevada Department of Corrections at the Nevada Correctional Center (NNCC). Plaintiff alleges that on eight different occasions in November 2006, Correctional Officer Cochran forced him to submit to various sexual acts to receive his meals. (Doc. #6, at 4-6.) Plaintiff also contends that Officer Cochran threatened him with retaliation if Plaintiff filed a complaint or refused to comply with his demands. (*Id.* at 6.) Defendant Benedetti is named as the supervisor responsible for Officer Cochran. Based on these allegations, Plaintiff states a claim for violation

1

of the Fourteenth and Eighth Amendments as well as an unspecified claim for sexual harassment. Defendants move to dismiss because Plaintiff has failed to exhaust his administrative remedies before filing suit in federal court. (Doc. #10 at 2.)

## II. LEGAL STANDARD

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court recently clarified that exhaustion cannot be satisfied by filing an untimely or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)." *Id.* (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

This court has interpreted Justice Alito's majority opinion in *Woodford* as setting forth two tests for "proper exhaustion": 1) the "merits test", which is satisfied when a plaintiff's grievance is fully addressed on the merits by the administrative agency and appealed through all the agency's levels, and 2) the "compliance test", which is satisfied when a plaintiff complies with all critical procedural rules and deadlines. *Jones v. Stewart*, 457 F. Supp. 2d 1131, 1134 (D. Nev 2006). "A finding that a plaintiff has met either test is sufficient for a finding of 'proper exhaustion'. Defendant must show that Plaintiff failed to meet both the merits and compliance tests to succeed in a motion to dismiss for failure to exhaust administrative remedies." *Id.*

The failure to exhaust administrative remedies is treated as a matter in abatement and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt v. Terhune*, 315 F.3d 1108,

1119 (9th Cir.2003), *cert. denied*, 540 U.S. 810 (2003). Failure to exhaust administrative remedies is an affirmative defense, and Defendants bear the burden of raising and proving failure to exhaust. *Id.* A court, in deciding a motion to dismiss based on exhaustion, may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 368 (9th Cir. 1988) (per curiam)). If a court concludes that the prisoner bringing a suit has failed to exhaust nonjudicial remedies, "the proper remedy is dismissal of the claim without prejudice." *Id.* at 1120.

For prisoners within the NDOC system, exhaustion of administrative remedies requires complying with the Inmate Grievance Procedure set forth in NDOC Administrative Regulation 740 (AR 740). The administrative process consists of: 1) an Informal Level grievance that is reviewed and responded to by an inmate caseworker; 2) a First Level formal written grievance appealing the informal grievance decision to the warden at the institution where the inmate is housed; and 3) a Second Level grievance appealing the First Level grievance decision, which is decided by the Assistant Director of Operations. (Doc. #10, Ex. A, at 11 [AR 740.02 § 1.1.1.1 (effective 1/5/04)].) If an inmate disagrees with the response to any grievance, he may appeal the grievance to the next level within the prescribed deadlines. (*Id.* at 12 [AR 740.02 § 1.1.1.4].)

## III. DISCUSSION

Defendants contend that Plaintiff's complaint should be dismissed because he has failed to exhaust his administrative remedies. Defendants provide affidavits from associate wardens at both institutions where Plaintiff has been housed[1] indicating that there is no record that these grievances were ever filed. (Doc. #10, Ex. 1, at 1-2.) In his opposition, Plaintiff alleges that he filed grievances on November 20th, 2006, December 12th, 2006, and February 10th, 2007 but never received a response. (Doc. #12 at 8.) Plaintiff did not include any copies of

---

[1] Plaintiff transferred from NNCC to Nevada State Prison on December 13, 2006. (Doc. #10 at 3.)

3

1  these grievance with his complaint[2], but does include them in his opposition. (Doc. #12, Exs.
2  A, B, and C.)

3  Defendants argue that these forms are fraudulent. (Doc. #10 at 13.) The affidavit from
4  the associate warden at NNCC indicates that he would have signed the grievance forms as they
5  were received and that the signature appearing on the forms supplied by Plaintiff are not his.
6  (Doc. #13, Ex. #1, at 2, ¶¶ 12-14.) This official also indicates that had the grievances been
7  received by the prison, they would show a date, log number, and staff member response. *Id*.
8  The grievances submitted by Plaintiff are blank except for the signature boxes.

9  In light of the clear and convincing evidence that Plaintiff has not filed a complaint
10 through the Inmate Grievance Procedure, his claims should be dismissed.[3] Neither the
11 compliance nor the merits tests for administrative exhaustion are met in this case, as the
12 grievance has not been properly presented to prison officials. *See Jones*, 457 F.Supp. at 1134.
13 As such, the proper remedy should be dismissal without prejudice. *O'Guinn v. Lovelock*
14 *Correctional Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007).

15 Plaintiff has filed an additional pleading responding to Defendants' reply. (Doc. #18.)
16 This is a fugitive pleading not authorized by Federal Rule of Civil Procedure 7 and should not
17 be considered by the court. Therefore, Defendants' motion to strike should be granted (Doc.
18 #16) and their motion for enlargement of time to respond (Doc. #17) should be denied as moot.

### III. RECOMMENDATION

20 **IT IS HEREBY RECOMMENDED** that the District Judge enter an Order
21 **GRANTING** Plaintiff's Motion to Dismiss (Doc. #10) without prejudice.
22 / / /
23 / / /
24

---

[2] Plaintiff indicates that he filed an informal grievance but received no response. (Doc. #6 at 8-9). He does not refer to a First or Second Level grievance in the pleading.

[3] The court should also deny Plaintiff's request to find Defendants in contempt, as this is without legal foundation. (Doc. #12 at 8.)

4

**IT IS FURTHER RECOMMENDED** the District Judge enter an Order **GRANTING** Defendants' Motion to Strike (Doc. #16) and **DENYING AS MOOT** Defendants' Motion for Enlargement of Time (Doc. #17).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within ten (10) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. Civ. P., should not be filed until entry of the District Court's judgment.

DATED: February 10, 2009.

_____
UNITED STATES MAGISTRATE JUDGE